Robert J. **O'Connor**,
Plaintiff/Appellant,
v.
**Division of Public Lands**,
Department of Public Works
and Commonwealth Utilities
Corporation,
Defendants/Appellees.
Appeal No. 97-019
Civil Action No. 97-0053C
February 9, 1999

Argued and Submitted June 25, 1998

Counsel for appellant: Joseph E. Horey, Saipan

Counsel for appellees Division of Public Lands: William C. Bush, Assistant Attorney General, Saipan

BEFORE: TAYLOR, Justice Pro Tem,[1] MACK and WISEMAN, Special Judges.

MACK, Special Judge:

¶1 Plaintiff/appellant, Robert J. O'Connor ("O'Connor"), appeals the Superior Court's order dated April 7, 1997, dismissing all of his claims against defendant/appellee Division of Public Lands ("DPL") for failure to state a claim for which relief can be granted, pursuant to Com. R. Civ. P. 12(b)(6). We have jurisdiction pursuant to 1 CMC §3102(a). We affirm in

---

[1] The Honorable Marty W.K. Taylor was sitting as Chief Justice when this appeal was argued and submitted, and has subsequently been appointed to the panel as Justice Pro Tem as a result of his retirement effective December 5 ,1998.

part and reverse in part.[2]

## ISSUES PRESENTED AND
## STANDARD OF REVIEW

¶2 ■ We are asked to determine whether the Superior Court erred in dismissing O'Connor's claims against DPL for failure to state a claim under Com. R. Civ. P. 12(b)(6) and whether a cause of action based upon promissory estoppel is available against DPL.[3] We review de novo a Rule 12(b)(6) motion.[4] Because this is an appeal from a dismissal for failure to state a claim, factual allegations in the complaint are presumed to be true and are construed in the light most favorable to the plaintiff [O'Connor]. *Id.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Since we must assume the factual allegations are true, the following is taken from O'Connor's original complaint:

¶4 O'Connor is the lessee of a parcel of land on Mt. Tapotchau, in Saipan ("O'Connor's land").[5] There is a public right of way which borders O'Connor's land on the north and west sides ("the right of way"). In June of 1996, CUC erected power poles in the right of way and installed two power poles on O'Connor's land. When O'Connor became aware of the erected poles, he contacted CUC and asked if it would relocate the poles to the southern part of his own land ("southern route") in exchange for a public easement across that route. CUC stated that O'Connor would have to clear a path along the southern route, at his own expense, sufficient to allow the pole-installation trucks to pass. O'Connor then devised a proposal to grant the Commonwealth an easement along the southern route in exchange for a release of the easement over the western segment of the right of way.

¶5 On or about July 15, 1996, DPL promised that if O'Connor submitted his proposal in writing to both DPL and the Department of Public Works ("DPW"), the proposal would be evaluated in good faith and approved or denied on its merits. O'Connor subsequently submitted his proposal to DPL and DPW on or about August 1, 1996.

¶6 Relying upon these promises, O'Connor then hired Western Equipment, Inc., to clear a roadway along the path of the proposed southern route, and to install water pipes under the road. O'Connor incurred substantial expenses for the road clearing and pipe installation. Shortly thereafter, CUC, without any notice to O'Connor, installed power lines along the poles which had already been erected and then informed O'Connor that it would no longer relocate the power poles free of charge, but that he would instead have to pay a relocation fee to move the poles.

¶7 On September 10, 1996, DPL wrote O'Connor, informing him that his proposed exchange of easements was still under consideration by DPL and other government agencies. Subsequently, O'Connor hired Solid Builders, another construction company, to supply coral and to pave the road along the southern route. However, DPW, without informing O'Connor, cleared and paved a road over the right of way, and constructed the road wider than the public right of way, encroaching upon O'Connor's land. To date, O'Connor has received no formal notice of any action taken, or any good faith consideration being given to his proposed easement exchanges. It has neither been approved nor denied.

¶8 On January 14, 1997, O'Connor sued DPL, DPW, and CUC for trespass, inverse condemnation, nuisance and promissory estoppel. The Superior Court dismissed all claims against DPL for failure to state a claim upon which relief may be granted, pursuant to Com. R. Civ. P. 12(b)(6).[6] O'Connor subsequently filed a timely motion for reconsideration which was denied by the Superior Court.[7] From these orders, O'Connor timely appealed.

## ANALYSIS

---

[2] The matter was argued and submitted on June 24, 1998. The Court at oral argument asked the parties to meet and confer in order to explore the possibility of reaching an agreement on the issues in this case that could avoid the necessity for a decision. The Court, having been notified by the parties on July 24. 1998, that they were unable to reach a settlement, hereby renders this written opinion.

[3] O'Connor raises two additional issues: (1) whether DPL, by virtue of its clear constitutional and statutory mandate and sound public policy, is responsible for the management of public lands; and (2) Whether the immunity statute bars O'Connor's claims. Appellant's Brief at 1. We do not address these issues; see discussion infra at ¶14 and n.8.

[4] *Govendo v. Micronesia Garment Mfg., Inc.* 2 N.M.I. 270, 283 (1991).

[5] O'Connor's land is more particularly described as follows: Tract No. 21931 (A.H. 106) containing an area of 22,805 square meters, more or less, as more particularly described on drawing/Cadastral Plat Number 2032/74, the original of which was registered with the land Registry as Document Number 13290 on the 13th of November, 1981.

[6] *O'Connor v. Div. of Public Lands,* Civil Action No. 97-0053 (N.M.I. Super. Ct. April 7, 1997) (Order Dismissing Defendant Division of Public Lands at 1) ("Order of Dismissal").

[7] O'Connor v. Div. of Public Lands, Civil Action No. 97-0053 (N.M.I. Super. Ct. May 12, 1997) (Order at 1).

## I. Promissory Estoppel & Nuisance

¶9 ■ Although the doctrine of promissory estoppel is rarely applied against the government, estoppel will be invoked against the government in certain situations, such as where necessary to avoid manifest injustice. *In re Blankenship*, 3 N.M.I. 209, 214 (1992) (citations omitted).

> Promissory estoppel contains four elements:
> (1) the party to be estopped must be apprized of the facts;
> (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended;
> (3) the other party must be ignorant of the true state of facts; and
> (4) he must rely upon the conduct to his injury.

*Id.* (internal citations omitted). To prove promissory estoppel against the government, a party must show two additional elements: (1) a party must demonstrate that applying estoppel would not compel the government to violate the law; and (2) a party must show that the government engaged in affirmative misconduct beyond mere negligence. *Id.*

¶10 ■ In the present action, we find that O'Connor's promissory estoppel argument fails as a matter of law. The government promised only to review his proposal; the outcome of its review was and still remains uncertain, as his proposed exchange of easements was neither approved nor disapproved. We do not find DPL's conduct "affirmative misconduct." O'Connor's assumption that his proposal would be accepted was unfounded and not legally sufficient to form a basis for justifiable reliance.

¶11 Similarly, the appellant has no factual basis to support his claim for nuisance. The dismissal of these claims is therefore warranted.

## II. Inverse Condemnation and Trespass

¶12 The complaint alleges that DPW cleared a roadway wider than the public right of way and that this encroached on O'Connor's land. It implies that the encroached-upon land has fallen into the public domain and become part of DPL's portfolio.

¶13 The basis for the dismissal of the claims for inverse condemnation and trespass as to DPL was not articulated by the Superior Court.

¶14 Plaintiffs' original complaint sufficiently alleges facts from which a claim for inverse condemnation or trespass may be gleaned, and which are adequate to avoid a motion to dismiss under Com. R. Civ. P. 12(b)(6).[8]

¶15 ■ We remand for further consideration of the inverse condemnation and trespass claims by the Superior Court. The Superior Court should consider allowing plaintiff to amend to join any additional proper parties or to provide a more definite statement as to the legal basis for the claims. The Superior Court may allow discovery or trial, or may revisit the motion to dismiss these claims; provided however, its legal reasoning for any further dismissal must be set forth with sufficient clarity to allow review upon appeal.

¶16 For the foregoing reasons, reversal of the dismissal and the remand of these claims is warranted.

## CONCLUSION

¶17 Based upon the foregoing reasons, we hereby **AFFIRM** the judgment of the Superior Court as to the claims for promissory estoppel and nuisance. We **REVERSE** the dismissal of the claims for inverse condemnation and trespass, and remand for further proceedings consistent with this decision.

---

TAYLOR, Justice Pro Tem, concurring:

¶18 I concur with the majority's decision to affirm the Superior Court's dismissal of the promissory estoppel and nuisance claims. However, I would affirm the Superior Court's decision in its entirety.

¶19 I find no error in the Superior Court's decision to dismiss O'Connor's entire cause of action for failure to state a claim under Com. R. Civ. P. 12(b)(6). I reach this conclusion without the need to address the merits of appellant's claim. As a threshold matter, the exact basis for the Superior Court's dismissal of all claims against DPL is unclear as the reasons for doing so are not articulated in the record below. The one-page transcript of proceedings included in the appellant's Excerpts of Record states: "Based upon the pleadings and arguments of counsel, this court is not convinced at this time that Department of Public Lands is liable under the facts of this case. The court grants motion [*sic*] to dismiss the Department of Public Lands."[9] The one-page order of dismissal simply states: "upon order and argument on April 2, 1997, and for good cause shown, . . . **the Court hereby dismisses all claims made against defendant Division of Public Lands** . . . for failure to state a claim

---

[8] For purposes of this analysis, we assume as alleged by plaintiffs that DPL is charged with the duty to manage public

(continued...)

(...continued)
land. We do not decide this issue or the immunity issue, however, leaving it to the Superior Court in its further consideration to first address these issues.

[9] Excerpts of Record ("E.R.") 2, at 39-40.

for which relief can be granted." Order of Dismissal at 1. The one-page order of plaintiff's motion for reconsideration states: "Based on the written record before it, and for the reasons expressed in its April 7, 1997, ORDER, Plaintiff's Motion for Reconsideration, . . . is **HEREBY DENIED.**"[10]

¶20 I would hold that the Court cannot make a proper determination of the merits of appellant's argument from what the appellant has presented to the Court. This Court has previously stated that "the appellant bears the burden of pointing out clearly and specifically the error asserted on appeal. Where the appellant fails to carry this burden, we need not even address his or her argument." *Commonwealth v. Delos Reyes*, 4 N.M.I. 340, 343 n.11 (1996) (internal citations omitted). Accordingly, I would hold that the appellant has failed to properly address their burden of proof by providing to the Court clearly the *specific* error asserted on appeal. Absent a complete record, we are left to speculate, at best, and guess, at worse, the underlying reasoning behind the trial court's entry of dismissal. Therefore, I would find no error which merits a reversal of the decision below.

---

[10] *O'Connor v. Div. of Public Lands*, Civil Action No. 97-0053 (N.M.I. Super. Ct. May 12, 1997) (Order at 1).